# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

ELLIS ERIC EVANS,  )
       Petitioner,  )
)
)  Case No. CV410-292
)
UNITED STATES OF AMERICA,  )
)
       Respondent.  )

## **REPORT AND RECOMMENDATION**

Ellis Eric Evans has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) He seeks to attack a federal sentence and conviction for which he is still incarcerated. *United States v. Evans*, No. CR403-093 (S.D. Ga. August 27, 2003). A prisoner who seeks to collaterally attack a federal sentence or conviction must proceed by motion pursuant to § 2255 unless he can establish the inadequacy or ineffectiveness of the § 2255 remedy. 28 U.S.C. § 2255(e). That is, the motion must be brought pursuant to § 2255 unless the petitioner satisfies the § 2255(e) savings clause. The Eleventh Circuit has held that the § 2255(e) savings clause applies when:

> (1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision

establishes the petitioner was convicted for an offense that is now nonexistent; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion.

*Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003) (citing *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999)). Evans has not offered any reason to believe that § 2255 would be inadequate or ineffective. Instead he simply challenges the Court's denial of his past § 2255 motion (CV405-028) based upon recent *Eleventh Circuit* -- not retroactively applicable Supreme Court -- authority. (Doc. 2 at 4-9.)

Since the savings clause does not apply, Evans may not proceed pursuant to § 2241. Therefore, his collateral attack on his federal conviction must be treated as a § 2255 motion. If this were his first § 2255 motion, the Court would warn Evans that his motion would be re-characterized as a motion pursuant to § 2255 unless he wanted to amend or dismiss it. *See Castro v. United States*, 540 U.S. 375, 383 (2003) (district courts must warn first-time § 2255 litigants that they will lose their ability to file any successive § 2255 motions without first seeking leave to do so from the circuit court). Evans, however, has already filed a § 2255 motion, and it was denied on the merits. *Evans v.*

2

*United States*, No. CV405-028, docs. 1, 12, & 17 (S.D. Ga. June 30, 2005). Accordingly, the *Castro* warnings are unnecessary here. Since this is Evans's second § 2255 motion, he must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see* 28 U.S.C. § 2255(h) (cross-referencing § 2244 certification requirement).

In fact, district courts *must* dismiss second or successive petitions, without awaiting any response from the government, absent prior approval by the court of appeals. *Levert v. United States*, 280 F. App'x 936, 936 (11th Cir. 2008) (per curiam) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (same); *In re Medina*, 109 F.3d 1556, 1561 (11th Cir. 1997); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Because Evans has filed this latest § 2255 motion without prior Eleventh Circuit approval, this Court is without jurisdiction to consider it. Consequently, it should be **DISMISSED** as successive.

**SO REPORTED AND RECOMMENDED** this __29th__ day of

December, 2010.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA